IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM DANIEL BATZ,

                Plaintiff,

v.

HOLLY OZOWSKI, TINA GENSLER,
BRITT WOLFE, JOSEPH RUHNKE, and
MIKE GLASS,

                Defendants.

OPINION AND ORDER

18-cv-452-wmc

---

*Pro se* plaintiff Adam Daniel Batz, an inmate at the Dane County Jail, alleges that defendants violated his constitutional rights in sentencing him, supervising him on probation and requiring him to register as a sex offender and participate in treatment. (Compl. (dkt. #1).) Because Batz is incarcerated and is seeking redress from a governmental employee, the Prison Litigation Reform Act ("PLRA") requires the court to screen his complaint and dismiss any portion that is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. For the reasons that follow, the court will deny plaintiff leave to proceed.

ALLEGATIONS OF FACTS[1]

Plaintiff Adam Daniel Batz is currently incarcerated at the Dane County Jail. As best as the court can discern, the individuals he names as defendants appear to be involved

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

in his criminal prosecution, probation or sex offender registration requirements. Plaintiff alleges that he "did address all the defendants listed at one point or another during the almost six years that I have been on probation and each defendant did refuse to acknowledge or address the issue up till the time and date of this writing and are continuing to try and revoke me even though there have been no criminal charged formally pressed." (Compl. (dkt. #1) 2.)

More specifically, Batz challenges his year of imprisonment on a charge of second degree sexual assault, which he alleges was dismissed and read in, and the requirement that he register as a sex offender and participate in sex offender treatment.[2] Batz alleges that he has suffered mental, physical and psychological damage, and seeks an injunction ordering his release from jail and discharge from probation and monetary damages. Batz also filed a motion for preliminary injunction seeking his release. (Dkt. #11.)

OPINION

Plaintiff is seeking leave to proceed on claims that defendants violated his constitutional rights in sentencing him, monitoring him on probation and requiring him to register as a sex offender and attend treatment. Under *Heck v. Humphrey*, for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the

---

[2] The docket sheet reflects that the charge for second degree sexual assault/use of force and another charge of disorderly conduct were dismissed but read in, whereas he was found guilty due to no contest plea for intimate victim/damage property and false imprisonment charges. *State of Wisconsin v. Batz*, No. 12CF00285 (Dane Cnty. Wis. Cir. Ct. filed Feb. 15, 2012), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2012CF000285&countyNo=13&index=0&mode=details.

2

plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* As such, any claim for damages must be dismissed, albeit without prejudice to Batz refiling his complaint if he is successful in invalidating his conviction or sentence.

As for Batz's claim for injunctive relief, his criminal proceeding (or at least his term of probation and a possible revocation) appears to be ongoing. As such, this court must abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts are required to show proper respect for state judicial systems and abstain from issuing orders that would interfere with ongoing state criminal prosecutions, except in limited circumstances not present here. *Id.* at 45. Perhaps plaintiff could pursue relief from his conviction and sentence through a habeas petition, 28 U.S.C. § 2854, but even then, plaintiff must first exhaust his state appeal rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Indeed, from the state court docket, it appears Batz is pursuing relief in that court.

3

ORDER

IT IS ORDERED that plaintiff Adam Daniel Batz is DENIED leave to proceed, and his claims are DISMISSED without prejudice.

Entered this 19th day of October, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge